# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ANDREW S. FENKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>Defendant. ) | CAUSE NO.: 1:08-CV-231-TS |

## OPINION AND ORDER

This matter is before the Court on *pro se* Plaintiff Andrew S. Fenker's objections in his Response to the Report and Recommendation of the United States Magistrate Judge [DE 20], filed on July 13, 2009. The Defendant, Commissioner of Social Security, filed a Response [DE 21], requesting that the Court adopt the Report and Recommendation affirming the Commissioner's decision to deny an award of benefits because the Plaintiff did not specify the findings of the Magistrate Judge that he disputed. Alternatively, he asks that the Court adopt the Report and Recommendation for the reasons submitted in his previously-filed Memorandum in Support of the Commissioner's Decision.

For the following reasons, the Plaintiff's Objections will be overruled, and the Report and Recommendation will be adopted as the Order of the Court.

## BACKGROUND

The Plaintiff has appealed to the district court from a final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits (DIB) and

Supplemental Security Income (SSI). The Plaintiff claims he is disabled due to the residual effects of a 1992 head injury and major depression. The Plaintiff first applied for DIB and SSI on January 26, 2005, alleging that he became disabled as of December 31, 2003. The Commissioner denied his application initially and upon reconsideration, and the Plaintiff requested an administrative hearing. A hearing was conducted by Administrative Law Judge ("ALJ") Frederick McGrath on August 3, 2007, at which the Plaintiff (who was represented by counsel), the Plaintiff's mother, the Plaintiff's wife, and a vocational expert testified. At the hearing, the Plaintiff amended his onset date to January 25, 2005.

On December 12, 2007, the ALJ rendered an unfavorable decision to the Plaintiff, concluding that he was not disabled because his impairments did not meet or equal any of the impairments listed as presumptively disabling, and he could perform a limited range of light work despite the limitations caused by his impairments. The Appeals Council denied the Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. The Plaintiff filed a *pro se* Complaint [DE 1] with this Court on October 7, 2008, seeking relief from the Commissioner's final decision.

On October 16, 2008, this Court referred the matter to Magistrate Judge Roger Cosbey for a report and recommendation. Magistrate Judge Cosbey filed a Report and Recommendation [DE 19] on July 1, 2009, recommending that the Commissioner's decision be affirmed. In the Report, Magistrate Judge Cosbey addresses the three purported flaws with the Commissioner's final decision that the Plaintiff identified, and he concluded that: (1) substantial evidence supported the ALJ's conclusion at step three of the evaluation process that the Plaintiff did not meet Listing 12.02 or 12.04; (2) substantial evidence supported the ALJ's evaluation of the

Plaintiff's treating family practitioner's opinion; and (3) the ALJ built an accurate and logical bridge between the evidence and his conclusion that the Plaintiff's testimony was not entirely credible.

On July 13, 2009, the Plaintiff filed his Response to the Report and Recommendations [DE 20]. On July 17, the Defendant responded [DE 21], arguing that the Plaintiff did not specify the findings of the Magistrate Judge that he disputed and requesting that the Court adopt the Report and Recommendation.

## DISCUSSION

Under 42 U.S.C. § 405(g), a district court may affirm, modify, or reverse an ALJ's decision, with or without remanding the case for a rehearing. However, a court's review of the ALJ's decision is limited, and the ALJ's factual findings must be upheld if supported by substantial evidence. 42 U.S.C. § 405(g); *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Substantial evidence is such evidence as a reasonable person would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In determining whether substantial evidence exists, the district court must take into account both evidence in support of a conclusion and anything that fairly detracts from its weight. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 388–89 (7th Cir. 1992). The court must review all the evidence in the record, and such review "must be more than an uncritical rubber stamp." *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

Nevertheless, the ALJ has the duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and determine the case accordingly. *See Richardson*, 402

U.S. at 399–400. A reviewing federal court may not decide the facts anew, re-weigh the evidence, or substitute its judgment for that of the ALJ. *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). Where conflicting evidence would allow reasonable minds to differ as to whether a claimant is entitled to benefits, the responsibility for that decision falls on the ALJ. *Binion on Behalf of Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997).

If the ALJ commits an error of law, however, reversal is required without regard to the volume of evidence in support of the factual findings. *Id.; see also Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). The ALJ commits such an error if he fails to comply with the Commissioner's regulations and rulings. *See Prince v. Sullivan*, 933 F.2d 598, 602 (7th Cir. 1991).

The ALJ's decision must also demonstrate the path of his reasoning, and the evidence must lead logically to his conclusion. *Rohan v. Chater*, 98 F.3d 966, 971 (7th Cir. 1996). While the ALJ need not discuss every piece of evidence in the record, he must provide at least a glimpse into his reasoning. *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001).

When considering a Report and Recommendation issued by a Magistrate Judge, a court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2) (describing the procedure by which a party may serve "specific written objections to the proposed findings and recommendations" of a magistrate judge). The Seventh Circuit's interpretation of Rule 72(b) requires a party to specify the issues to which he objects, but does not require that he provide the basis for the objections. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 905 (7th Cir. 1999); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999).

4

A.      The Plaintiff's Objections

The Plaintiff's Objection sets forth his contention that the ALJ improperly discounted the opinion of his family physician, Dr. Thomas Kintanar, and improperly found the Plaintiff's testimony less than credible. The Plaintiff argues that the "ALJ did in fact inhibit, censor and redirect testimonial evidence of the Plaintiff and his witnesses throughout the hearing to shape testimonial evidence unfavorably for the Plaintiff." (Pl.'s Resp. 3, DE 20 (citing Tr. 483–519).) The Plaintiff contends that within these pages of the transcript is evidence that the ALJ did not allow complete answers and posited leading questions. The Plaintiff contends that the ALJ denied him an opportunity to establish how his traumatic brain injury impacted his ability to control impulsive behaviors, that the ALJ was not qualified to determine the degree and effect of these limitations, that the ALJ was improperly insistent that the Plaintiff explain what medications he took to control his impulsive behaviors, and that the ALJ should not have required the Plaintiff to testify as to the side effects of his medication. The Plaintiff also submits that another "flaw" in his hearing was the absence of testimony from Dr. Herbert Trier and that his testimony was not secured for cost saving reasons. The remainder of the Plaintiff's Response chronicles his medical condition, and occasionally posits that certain portions of the record were entitled to less weight.

B.      **The ALJ's Conclusion at Step Three That the Plaintiff Did not Meet Listing 12.02 or 12.04**

The Magistrate Judge's Report addresses the Plaintiff's argument that the ALJ erred at step three when he concluded that the Plaintiff's impairments did not meet or equal Listing 12.02 (Organic Mental Disorders) or 12.04 (Affective Disorders). The ALJ articulated in detail why

the Plaintiff did not meet or satisfy either listing, and the Magistrate Judge recounted the ALJ's decision in light of the applicable legal standards, finding that it was supported by substantial evidence. The Plaintiff's objections do not clearly articulate the basis of any challenge to the ALJ's step three findings or the Report's analysis of his findings. Although the Plaintiff contends that "it is not in the purview of the ALJ to medically determine the degree and effect of" the Plaintiff's impairments (Pl's Resp. 2–3, DE 20), the Plaintiff identifies neither which criteria he would have satisfied to meet a listing, nor any medical or testimonial evidence that the ALJ ignored in his analysis.[1] The ALJ, on the other hand, cited the Plaintiff's daily activities, medical reports, psychological exam results, and report of Psychiatric Status to rate the severity of the Plaintiff's mental impairments and determine that they did not result in the significant functional limitations contemplated by the relevant Listings criteria.

Additionally, and contrary to the Plaintiff's assertion about the ALJ's purview, federal regulations provide that opinions about the nature and severity of impairments are not medical opinions, but opinions that are reserved to the Commissioner. In making that determination, the Commissioner

> use[s] medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments in appendix 1 to this subpart, your residual functional

---

[1] The listings of mental impairments consist of three sets of "criteria": paragraph A criteria (a set of medical findings), paragraph B criteria (a set of impairment-related functional limitations), and paragraph C criteria (additional functional criteria applicable to certain listings). The paragraph A criteria substantiate medically the presence of a particular mental disorder. The criteria in paragraphs B and C describe the impairment-related functional limitations that are incompatible with the ability to perform substantial gainful activity. If a claimant satisfies the A and B criteria, or A and C criteria, he will be considered disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00; *see also* 20 C.F.R. § 404.1520a (detailing evaluation of mental impairments).

> capacity (see §§ 404.1545 and 404.1546), or the application of vocational factors, *the final responsibility for deciding these issues is reserved to the Commissioner*.

20 C.F.R. § 404.1527(e)(2) (emphasis added).

The Plaintiff has failed to show that the ALJ acted outside his authority, or that his decision was unsupported by substantial evidence, and the Court adopts the Report and Recommendation findings regarding the ALJ's findings at step three of the analysis.

**C.     The ALJ's Evaluation of Dr. Kintanar's Opinion**

The Magistrate Judge concluded that the ALJ did not commit error when he assigned limited weight to the opinion of Dr. Thomas Kintanar, the Plaintiff's treating physician. Although opinions of a treating physician are generally entitled to controlling weight, an ALJ may reject the opinion of a treating physician if it is based on a claimant's exaggerated subjective allegations, is internally inconsistent, or is inconsistent with other medical evidence in the record. *Dixon v. Massanari*, 270 F.3d 1171, 1177–78 (7th Cir. 2001). The Report stated that the ALJ reasonably inferred that Dr. Kintanar's opinion was based primarily on the Plaintiff's subjective complaints, which the ALJ determined were less than fully credible, and that the ALJ correctly observed that the opinion was internally inconsistent and inconsistent with other substantial medical evidence in the record. The Report also noted that it was within the ALJ's purview to weigh conflicting medical evidence, and that the reviewing Court could not reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute its own judgment for that of the ALJ.

The Plaintiff contends that the ALJ improperly discounted Dr. Kintanar's opinion. However, he does not point to any particular aspect of the ALJ's credibility analysis that was

incorrect, or identify any objective medical evidence that the ALJ ignored. Indeed, he submits that, "[i]n terms of the subjective impression of not being entirely credible, the Plaintiff cannot answer for the ALJ as to what he found to be less than credible." (Pl.'s Resp. 3, DE 20.)

Upon review of the record, the Court finds that the ALJ considered Dr. Kintanar's opinion in accordance with the requirements of 20 C.F.R. § 404.1527, and provided a reasoned explanation that was supported by substantial evidence. Accordingly, the Court will adopt the Magistrate Judge's Report and its conclusion that substantial evidence supports the ALJ's evaluation of Dr. Kintanar's opinion.

### D. The ALJ's Evaluation of the Plaintiff's Credibility

The ALJ stated that, after considering the evidence of record, he found that the Plaintiff's medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely credible. "Because hearing officers are in the best position to see and hear the witnesses and assess their forthrightness," their credibility determinations are afforded "special deference." *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000). An ALJ's credibility determination will be upheld if he has given specific reasons for the finding that are supported by substantial evidence, *Arnold v. Barnhart*, 473 F.3d 816, 823 (7th Cir. 2007), reversing it only if it is "patently wrong," *Jens v. Barnhart*, 347 F.3d 209, 213 (7th Cir. 2003).

In evaluating the Plaintiff's credibility, the ALJ considered the Plaintiff's daily activities, the medical evidence, statements and evidence about the side effects of medications,

inconsistencies in the Plaintiff's statements to treating sources, and courses of treatment. As noted in the Report and Recommendation, the ALJ's decision contained specific reasons for the finding on credibility that were supported by the evidence in the case record. The Plaintiff does not identify any particular piece of evidence that he contends the ALJ or the Magistrate Judge decided erroneously. Likewise, he does not show that the ALJ failed to follow the proper procedures for evaluating his credibility. His major complaint appears to be that the ALJ improperly influenced and directed the testimony at his hearing. (Pl.'s Resp. 3 (arguing that the ALJ "did in fact inhibit, censor and redirect testimonial evidence of the Plaintiff and his witnesses throughout the hearing and to shape testimonial evidence unfavorably to the Plaintiff").)

In considering the Plaintiff's arguments, the Court has reviewed the transcript of the hearing and disagrees with the Plaintiff's characterization. The ALJ attempted to obtain focused and relevant responses to questions pertaining to the issues before him, and did not allow lay witnesses to testify to opinions outside of their personal observations.

Additionally, the Plaintiff does not reveal the substance of testimony that he claims was suppressed and would have been favorable to him, except to say that he was denied an opportunity to testify how his traumatic brain injury affects his ability to control impulse behaviors. However, with regard to the issue of impulse control, the ALJ considered the Plaintiff's testimony about losing jobs for making inappropriate comments and his wife's testimony that he had made inappropriate comments to strangers as recently as two to three months before the hearing. The ALJ did not ignore this testimony, but considered it in determining the Plaintiff's residual functioning capacity, finding that he could have no

interaction with the public and could only have occasional conversations and brief interpersonal interactions with employees related to his job duties. Thus, nothing in the record before this Court suggests that the outcome of the hearing would have been different had the ALJ's questioning been different.

In a related argument about the development of the record, the Plaintiff contends that his counsel should have secured the testimony of Dr. Herbert Trier, but he does not indicate how this testimony would have impacted the ALJ's findings or the record, which already contained Dr. Trier's notes and analysis. The ALJ specifically stated that, in determining the Plaintiff's residual functioning capacity, he incorporated "the limits noted by Dr. Trier, a treating mental health source." (R. at 20.) In fact, for reasons stated in his written opinion, the ALJ afforded Dr. Trier's opinion greater weight than those of the reviewing state agency psychologists, who had concluded that the Plaintiff's mental impairments were not severe.

The remainder of the Plaintiff's brief is argument that, in essence, asks the Court to reweigh the evidence in the record. This Court cannot reweigh evidence or substitute its own judgment for that of the ALJ. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). The Plaintiff has not put forward any valid basis for rejecting or modifying the Magistrate Judge's Report and Recommendation, and it will be adopted it its entirety.

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES the Plaintiff's objections as stated in his Response [DE 20], ADOPTS the Report and Recommendation [DE 19] in its entirety, and ACCEPTS the recommended disposition. The Commissioner's decision is AFFIRMED. The

Clerk is DIRECTED to ENTER JUDGMENT in favor of the Defendant and against the Plaintiff.

SO ORDERED on January 25, 2010.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT